## MOREHEAD v. SHREVEPORT RYS. CO.
### No. 6048.

Court of Appeal of Louisiana. Second Circuit.

Feb. 7, 1940.

Rehearing Denied March 6, 1940.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellant.

Harry V. Booth and L. L. Lockard, both of Shreveport, for appellee.

DREW, Judge.

Plaintiff alleged that on July 20, 1938, she was at the intersection of Murphy Street and Texas Avenue in the city of Shreveport, Louisiana, in the customary place allocated to pedestrians to board trolley buses at about the hour of 7:45 A. M.; that while there, a trolley bus, owned and operated by the defendant, stopped in order to permit her to board it; that as she stepped into and on said bus, the motorman carelessly and negligently and without

warning closed the door of said bus directly on her, catching her under the right shoulder on one side and over the left shoulder on the other side. The door was closed with great violence and so suddenly that plaintiff had no chance to protect herself; that the motorman opened the door and closed it the second time, again catching her. Plaintiff further alleged that as the result of the trauma sustained in said accident; she received painful, serious and permanent injuries; that her chest was crushed and the muscles, tendons, ligaments, nerves and soft tissues thereof bruised and lacerated, and that said trauma to the thorax resulted in a lung abscess from which she is still suffering and from which there is a strong possibility that tuberculosis may develop.

Plaintiff further alleged that since the accident, she has been under the constant care and attention of a physician and has undergone great pain and suffering; that she was in good health prior to the accident. She itemized her damages as follows:

| | |
|---|---|
| Pain and suffering | $1000.00 |
| Permanent injury to chest, lungs and thorax | 7500.00 |
| Loss of earning capacity | 2500.00 |
| Hospital and medical expenses | 160.00 |
| Estimated future hospital and medical expenses | 250.00 |

or a total of .$11,410.00.

Under the proper allegations, plaintiff instituted this suit in forma pauperis.

In answer, defendant admitted that plaintiff boarded its bus on the morning alleged. It denied all other material allegations of the petition.

After trial of the case below, the lower Court awarded plaintiff judgment in the sum of $1364, with legal interest thereon from judicial demand, and fixed the expert witnesses' fee of Drs. Barrow and Gowan in the amount of $25 each and cast defendant for all costs. From this judgment defendant is now prosecuting this appeal and plaintiff has answered the appeal praying that the award be increased to the amount originally sued for.

█ The case was tried before Judge McClendon, who was assigned to the First District Court during the interim between the death of the late Judge Bell and the election of his successor. Before the case was decided, Judge Pleasant was elected and qualified as Judge of the First District Court and Judge McClendon's assignment came to an end. Judge Pleasant heard some additional testimony and then decided the case orally. We call attention to these facts for the purpose of showing that the District Judge was in no better position than we to pass upon the facts of this case. He neither saw nor heard the great majority of the witnesses testify and was forced to arrive at his decision after a study of the cold record. The rule applicable to the finding of facts by the lower Court, therefore, has little if any application to the case at bar and we are convinced the lower Court erred in its finding.

█ Practically every material question in the case is seriously contested and the testimony thereon is in serious conflict, however, for the purpose of this decision, we can concede as proved that plaintiff boarded defendant's trolley—there is no dispute over that fact—and that the doors were closed on her through the carelessness of the motorman. Although it is seriously denied and there is highly respectable evidence both ways, we can concede that it has been proved that plaintiff developed an abscess in the right lung in close proximity to the ninth and tenth rib; that the abscess occurred from one month to six weeks after the date of the accident and that the abscess was the cause of plaintiff's illness and disability. However we cannot bring ourselves to the conclusion that the abscess was a result of the injury received by plaintiff when the trolley doors closed on her.

The record discloses that an abscess in or on the lung can be and is caused by many other things rather than trauma, and we are convinced that the slight trauma plaintiff received could not and did not have anything to do with the formation of the abscess of which she complains.

The testimony of plaintiff and one of her witnesses that her side was bruised and became discolored is greatly exaggerated, and we feel sure there was never any discoloration or turning blue of any bruise on plaintiff's side. We are also convinced that such a bruise as plaintiff claims to have received in and on her side could not possibly have been caused by the doors of the trolley closing on her. The record discloses that the doors are opened and closed by air pressure and that they are uniform in the speed with which they open and close. Many witnesses, both men and women, and including some of the

doctors who testified in the case, demonstrated to their own satisfaction that the door's closing on a person could not cause any bodily harm in themselves.

On each of the doors where they come together, there is a two to three-inch hollow, rubber facing, and numerous witnesses, as above stated, allowed the doors on the same trolley of which plaintiff complains to be closed on their arms, hand, neck, head and face, and all testified it did not cause any discomfort or any bruises. The doctors who made the experiment are certain that the doors in closing on plaintiff could not have caused trauma sufficient to bring on an abscess of the lung.

Under the testimony in this case, we would have to deal in conjecture and possibilities such as no court could justify itself in doing to reach any other conclusion than that plaintiff's trouble was not caused by the accident upon which her suit is based.

The judgment of the lower court awarding plaintiff judgment is erroneous and it is now reversed and her demands rejected at her costs; that part of the judgment fixing the expert witnesses' fee is correct and will not be disturbed.